JS6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:23-CV-02398-DOC-SPx                                       Date: January 24, 2024

Title: MINA BOULES ET AL V. JP MORGAN CHASE BANK NA, ET AL.

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]**

Before the Court is Plaintiffs Mina Boules and Pharaoh Security Servs.'s ("Plaintiffs") Motion to Remand ("Motion" or "Mot.") (Dkt. 12). The Court finds this matter suitable for resolution without oral argument. For the reasons explained below, the Court **GRANTS** the Motion and **REMANDS** this case back to Riverside Superior Court.

**I.    Background**

Mina Boules is the owner and CEO of Pharaohs, LLC, a security service based in Las Vegas. Compl. ¶ 1-2. Boules entered into an agreement Defendant Chase Bank to open a business account for Pharaohs. In 2022, Plaintiffs entered into an agreement to establish a business bank account (the "Account") with Defendant, Chase Bank. *Id.* ¶ 8. A couple months later, Defendant restricted and froze the Account. *Id.* ¶ 9. Twelve days later, Defendant removed the account restriction.

Plaintiff filed a complaint in state court, alleging that Defendant's decision to temporarily freeze the account violated several provisions of California law. Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:23-CV-02398-DOC-SPx                          Date: January 24, 2024

Page 2

removed this case to state court, arguing that this Court has diversity jurisdiction. Plaintiff then filed the present motion to remand this case ("Motion") (dkt. 12).

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, however, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:23-CV-02398-DOC-SPx							Date: January 24, 2024

Page 3

### III.  Discussion

In the Complaint, Plaintiff alleges that Defendant's decision to close their account caused them $75,000 or more worth of damages. In the Motion, however, Plaintiff abandons this allegation, stating that he is not seeking damages greater than $75,000. Given Plaintiffs' change in position, the "legal certainty" test does not apply, but, rather, that Defendant bears the burden of showing that the amount in controversy exceeds the jurisdictional threshold by a preponderance of the evidence. *See Guglielmino*, 506 F.3d at 699.

Defendant cannot make that showing. In their Notice of Removal, Defendant relies exclusively on Plaintiff's now-abandoned allegation to argue that the amount in controversy is met. The nature of Plaintiffs' alleged injury—a short suspension of her business account—does not make it more likely than not that Plaintiff suffered more than $75,000 in damages. Therefore, the Court lacks diversity jurisdiction over this case.

### IV.  Disposition

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**, and this case is **REMANDED** to California Superior Court for Riverside County. All future dates on calendar for this case are **VACATED**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11							Initials of Deputy Clerk: kdu

CIVIL-GEN